RECEIPT # _54412_
AMOUNT $ _150_
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE____3-11-04___

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIA JOSE ARANCIBIA, | * | |
| Petitioner | * | |
| | * | |
| | * | **04  10494 WGY** |
| VS. | * | NO. |
| | * | MAGISTRATE JUDGE _Dein_ |
| SOHAIL NASSIRI , | * | |
| Respondent | * | |

## PETITION FOR RETURN OF CHILD

**(Pursuant to The Convention on the Civil Aspects of International Child Abduction,
Done at the Hague on 25 Oct 1980 and the
International child Abduction Remedies Act, 42 U.S.C. 11601 et seq.)**

1. This petition is brought pursuant to the Convention on the Civil Aspects of
International Child Abduction, done at the Hague on October 25, 1980
("Convention") and U.S.C. 11603 (b), the International Child Abduction
Remedies Act (ICARA). The Convention went into effect on July 1, 1988.

2. The objects of the Convention are:

a) Article 1(a): To secure the prompt return of children wrongfully removed or
retained in any Contracting State; and

b) Article 1(b): To insure that rights of custody and of access under the law of one
Contracting State are effectively respected in the other Contracting States.

3. This Court has jurisdiction pursuant to 42 U.S.C. 11603.

4. Petitioner has the right of custody of the child within the meaning of Articles Three and Five of the Convention in that she is the mother of Yasameen Nassiri Arancibia ("child"), and that the Courts of Argentina granted her custody of the child.

5. The Petitioner at the time of the wrongful removal and/or retention by the Respondent was actually exercising custody of the child within the meaning of Articles Three and Five of the Convention.

6. The Petitioner, while located in Argentina, has made application under Article Eight of the Convention to the Central Authority of Argentine, the child's habitual residence.

7. The child Yasameen Nassiri Arancibia, was born on April 24, 1994 and will be sixteen (16) years of age on April 24, 2010, some six years after the date of this application.

8. The child was habitually resident in Argentine within the meaning of Article Three of the Convention immediately before her wrongful retention by the Respondent. She has resided with her mother in Argentina since 1995.

9. On December 26, 2003, Respondent removed the child from Argentina and has wrongfully retained her, within the meaning of Article Three of the Convention, in the United States and continues to wrongfully retain her despite efforts on the part of Petitioner to have her daughter returned.

10. The child is currently located at 360 Blue Ledge Drive, #A, Roslindale, Suffolk County, Massachusetts, United States.

11. The Respondent, at the time of application to the Central Authority of the United States, was a habitual resident of the United States. On information and belief he is employed by an immigration attorney and is attending law school at this time. (The mother attends law school in Argentina).

12. The final order of custody of the child was awarded to the Petitioner by Order of the National Court in Civil Matters, No. 84. Argentine Republic, Buenos Aires. July 3, 1997. (See Attached Exhibit A).

13. Per Article 16 of the Convention, the courts of the Commonwealth of Massachusetts are hereby requested to stay any other proceedings concerning the custody of the children.

14. Petitioner, for reasons set forth in the Ex Parte Motion To Have Child Taken Into Custody And Brought Before The Court To Effect Return To Petitioner, believes that Respondent, upon being informed of these proceedings, will further abduct, secrete, and possibly harm the child. Petitioner therefore requests that this court, upon review of the attached Motion, at once issue an Order requiring any and all law enforcements officials in the Commonwealth of Massachusetts to secure the child and bring her before the Court. Further she requests the child be placed in the custody of Petitioner until a determination is made under this petition or until further order of this court.

15. Wherefore the petitioner requests that this Court act expeditiously in these proceedings and that her child be immediately returned to her.

Respectfully submitted,

by her attorneys,

3

Nancy T. Harmon, Esq.
BBO# 221880
HARMON & ROBERTSON, P.C.
85 Merrimac Street
Boston, MA 02114
(617) 742-5900

Harold Robertson, Esq.
BBO#422700

Dated:  March 8, 2004.

TRADUCCIÓN PÚBLICA ----------------------------------------------------------------

PUBLIC TRANSLATION ---------------------------------------------------------------

TESTIMONY -----------------------------------------------------------------------------

[In the right hand corner there appears a seal that reads:] NATIONAL COURT IN-------

CIVIL MATTERS Nº 84. ARGENTINE REPUBLIC. -------------------------------------

[In the left right corner there appears an illegible signature] GUILLERMO D.----------

GONZALEZ ZURRO. SECRETARY. ----------------------------------------------------

[In the left middle hand there appears an illegible signature] August, 27, 1997. ---------

[sheet 13] AGREEMENT ABOUT CUSTODY, VISIT SYSTEM, ALIMONY FOR ----

THE CHILD YASAMEEN NASSIRI. By and between SOHAIL NASSIRI, Iranian ----

Nationality, with Argentine residence, of thirty four years old, married, with domicile of

choice at Luis María Campos number three hundred twenty five, Ground Floor, ----------

Department two, Federal Capital, party of the first part, and MARIA JOSE ---------------

ARANCIBIA, Argentine, Identity National Document number twenty two millions nine

hundred and thirteen thousands two hundred and twenty three, married, of twenty four -

years old, with domicile of choice at Olleros one thousand eight hundred, floor sixteen,

Department letter "C", Federal Capital, party of the second part, entered into this --------

agreement of alimony, visit system, regarding to their daughter YASAMEEN NASSIRI,

National Identity Document number thirty nine million three hundred sixty five ----------

thousands six hundred and fifteen, born on April the twenty four, year one thousand ---

nine hundred and ninety four, pursuant to this terms. FIRST. Not prejudice to the --------

shared exercise of the parental rights and duties and pursuant to the effective terms and -

conditions the custody of the child shall be held by her mother, during the trial and in ---

her capacity as definitive subsequently, with domiciled at Olleros one thousand eight ---

hundred, floor sixteen, Department letter "C", Federal Capital, with all the rights and ---

1

TRADUCCION PUBLICA ----------------------------------------------------------------------------

PUBLIC TRANSLATION ----------------------------------------------------------------------------

duties derived from her and with mutual agreement between the parents. SECOND. The

choice of the Educative Institution is chosen by agreement of her parents, having the ----

possibility also in agreement, of changing the Institution if such a change is for an---- ----

improvement of her education, or if the consequences, like a domicile switch of the -----

mother and the child occurs. THIRD. The father agrees to pay monthly alimony of –

five hundred United States dollars, there follows a bracket United States dollars five----

hundred, end of bracket, within the first five days of each month. Such amount shall be-

deposit in a bank account opened by the mother for such purpose in a Bank of the City-

of Buenos Aires. FOURTH. In the event of healthcare charges, medicines and special –

materials necessary for the assistance of the child, the father agrees to deposit in the-----

account hereinbefore mentioned in the moment they occur the half of the amount--------

required for the treatment. It is represented that the child is under the insurance cover---

AMIL INTERNATIONAL number one thousand six hundred and twenty four. FIFTH.

Due to the circumstances of the country and beyond the parties concerned, the amount--

established for the alimony is not enough to pay the charges of the child, such amount--

shall be readjusted by agreement of the parties or with judicial intervention to be--------

logical with the economic situation. SIXTH. The parties agree that during the summer--

school holidays the child shall visit her father if he is in The United States of America,-

accompanied by her mother and or her maternal grandmother and or her maternal--------

grandfather up to the age of fifteen. As the child is too young the parties agree up to the

age of four that her visit in such country shall not be superior to ten following days,-----

from this age up to the age of ten, her visit shall be of fifteen days, from this moment----

and up to the age of fifteen she will be able to stay during a month, then and up to the ---

TRADUCCION PUBLICA -----------------------------------------------------------------------------------

PUBLIC TRANSLATION -----------------------------------------------------------------------------------

moment she becomes of age her visit shall be of three months. According to the----------

established periods the parties agree that the visits in The United States of America -----

shall be during the month of January and that the child shall have her holidays with her

mother in February. According to Christmas, the child shall share the celebration in an -

alternate way with her parents, in Buenos Aires. Regarding to her winter school----------

holidays, her guidelines of age shall be respected, taking into account the duration of---

them, pursuant to the terms established by the Argentine educative authorities. ----------

SEVENTH.  Without prejudice to the hereinbefore mentioned terms and conditions the

father will be able to visit her daughter as many time as he wishes, without having any -

restriction at all except that educative obligations may occur. EIGHTH. The parties -----

agree that in case of death of the mother, her father shall hold her custody. NINETH.---

The lack of fulfillment of any of the obligations herein established, shall brought legal-

consequences without need of any appeal and without prejudice of the civil and or------

criminal punishments that could correspond.  TENTH. This agreement shall be ----------

judicially approved in request of any of the parties. ELEVENTH. The parties agree that

the approval and the fact to demand the non-fulfillment of the obligations herein ---------

expressed shall be competent of the Ordinary Court of this Federal Capital City in-------

Family matters and or the ones that in such a moment replace them if the Legislature---

of the Government of the City of Buenos Aires created them, leaving ineffective any---

other jurisdiction due to a different domicile of any of the parties. In witness whereof,---

the parties hereto have executed this agreement in two copies of the same tenor and to--

one effect, in the city of Buenos Aires, on these twenty three days of the month of April

of the year one thousand nine hundred ninety seven. There appear two signatures -------

TRADUCCION PUBLICA ------------------------------------------------------------------------

PUBLIC TRANSLATION ------------------------------------------------------------------------

without explanation and a signature with an explanatory seal that reads: MONICA------

GRACIELA NAVARRO ATTORNEY Volume thirty one Folio seven hundred sixteen

Volume forty Folio two hundred thirty three, brackets Bar Association of La Plata.-------

There appears another signature with an explanatory seal that reads: Doctor Felix--------

Gustavo García Talavera Attorney, Prosecutor Registration thirty one thousand seven-

hundred thirty seven Volume eighteen Folio nine hundred thirty three Bar Association

of Federal Capital. Bar Association of San Isidro Volume fourteen Folio one hundred---

thirty three. [sheet 25]----------------------------------------------------------------------------

Buenos Aires, July third, brackets number three close brackets of the year one thousand

nine hundred ninety seven. IN APPEARING TO THE COURT. Colon these cases ------

colon "Arancibia María José and Nassiri Sohail upon voluntary separation section two -

hundred five", In condition of pronouncing sentence, of whose witnesses they ENSUE –

colon a brackets to sheets sixteen space bar seventeen and twenty one brackets pursuant

to power attached to sheets eighteen space bar twenty the spouses María José Arancibia-

and Sohail Nassiri file a complaint for voluntary separation giving the reasons ------------

established in section two hundred four of the Civil Code. The parties established that --

they married on December the twenty fifth of the year one thousand nine hundred and --

ninety three, from their union a child born colon Yasameen Nassiri on April the twenty -

two of the year one thousand nine hundred ninety four. They established their cessation-

of cohabitation without intention of living together again since the end of the month of

February of the year one thousand nine hundred ninety five. TWO. Heard the parties----

prosecutor officer brackets sheets twenty three brackets close brackets and minor --------

Consultant brackets sheets twenty three on the other side brackets closed to sheets -------

TRADUCCION PUBLICA ------------------------------------------------------------

PUBLIC TRANSLATION --------------------------------------------------------------

twenty four named: "cases to determine a cause" resolute providence. <u>WHEREAS</u> -----

<u>CLAUSE</u>. Colon.First. Both parties require the voluntary separation based on the --------

grounds pursuant to section two hundred four of the Civil Code. The parties established

their cessation of cohabitation without intention of living together again since more ---

than two years ago and none of them express his or her innocence or culpability in this -

separation. With all the appearing documents in an envelope to sheets one space bar ---

eight the marriage entered into on December the twenty fifth of the year one thousand --

nine hundred ninety three and the birth of the child colon Yasameen Nassiri, on April ---

the twenty second of the year one thousand nine hundred ninety four has been proved. -

Second. Pursuant to section two hundred four of the Civil Code, the recognition of both

spouses is enough to have the configuration of the established ground approved, not ----

only for the material aspect or budget brackets separation of spouses or cessation of----

cohabitation close brackets but also the lack of intention of joining together after the----

separation, for the remaining could be assumed by the simple course of legal terms.-----

Consequently, it corresponds to accept the request and decree the voluntary separation -

of the parties concerned pursuant to sections two hundred and one, two hundred and six

and two hundred and nine of the Civil Code, not having been invoked on the parts not to

have given reason to the separation. Third. Pursuant to the costs, the same ones must be

decreed in the caused order, attentive recognition of the formulated facts and the----------

requested on the parts to sheets sixteen on the other side point four letter C brackets.----

Due to the conclusions, legal provisions mentioned and judgment of the parties-----------

prosecutor officer and the minor consultant, <u>IT IS ORDED, ADJUGDE, DECREED</u>----

colon allow the complaint. Consequently, I decree the voluntary separation of Sohail

TRADUCCION PUBLICA --------------------------------------------------------------------

PUBLIC TRANSLATION -----------------------------------------------------------------

NASSIRI and María José ARANCIBIA, being the grounds attached pursuant to section

two hundred and four of the Civil Code, declaring the dissolution of the marital----------

partnership brackets pursuant to section one thousand three hundred and six brackets. ---

According to what is requested by the parties to sheets thirteen Clause "first", I----------

adjudicate the custody of the child colon Yasemeen Nassiri, to her mother, authorizing-

by law what it was agreed by the parties to sheets thirteen and thirteen on the other side

without detriment to the analysis and decision that appropriately and possibly------------

correspond upon public order matters and or not available for the parties appearing in---

this agreement. The costs are imposed in the caused order, as it was established----------

hereinbefore. NOTICE personally or by notice and to the parties prosecutor officer and

the minor consultant in their offices. Copied, registered and in due time filed. Signature.

María Teresa Berzosa de Naveira. National Judge in Civil Matters.----------------------

The foregoing is a true copy to sheets thirteen and sheets twenty five space bar twenty--

six in cases "ARANCIBIA MARIA JOSE AND NASSIRI SOHAIL UPON--------------

VOLUNTARY SEPARATION SECTION TWO HUNDRED AND FIVE CIVIL --------

CODE -- SPECIAL PROCEEDING" that deals at the National Trial Court in Civil ------

Matters number eighty four, in charge of María Teresa Berzosa de Naveira, only----------

Secretary in charge of Guillermo González Zurro, situated at Lavalle one thousand two

hundred twenty, floor four of the Federal Capital City.-----------------------------------

[35] The case establishes the following in its pertinent part: "Buenos Aires August 21st.--

of 1997. As evidenced for the petitioner, issued the testimony of the agreement sheets---

thirteen and the judgment sheets twenty five space bar twenty six. Signature. María-----

Teresa Berzosa de Naveira. National Judge in Civil Matters.------------------------------

6

TRADUCCION PUBLICA ---------------------------------------------------------------------

PUBLIC TRANSLATION ----------------------------------------------------------------------

This seal and signature are issued on these 27 days of August of the year 1997. [There--

follows an explanation because "año" was not correctly written in the Spanish version]--

[There follows two illegible signatures and two seals that read] GUILLERMO-------------

GONZALEZ ZURRO. SECRETARY.-----------------------------------------------------------

The National Court of Appeals in Civil Matters certify that the signature and seal -------

hereinbefore bear resemblance to the ones of our Register. Buenos Aires .August 27, ---

1997. [In the left there appears a seal that reads:] National Court of Appeals in Civil ----

Matters of the Federal Capital. AUTHENTICATION. [There follows and illegible ------

signature and a seal that reads:] LYDIA B. BAGNASCO. ADMINISTRATIVE PRO —

SECRETARY. AUTHENTICATION – CIVIL COURT.---------------------------------------

I hereby certify the foregoing to be a true and accurate translation into English of the
original document written in Spanish, which is attached hereto. In witness whereof, I set
my hands and seal in Buenos Aires, on this thirty days of January, year two thousand
and four.

Por la presente certifico que la que antecede es traducción fiel al idioma inglés, en siete
páginas, de las partes pertinentes, del documento original redactado en idioma
castellano que tuve a la vista y a la cual me remito en la ciudad de Buenos Aires, a los
treinta días del mes de enero de dos mil cuatro.

JULIETA GUZMÁN RODRÍGUEZ
TRADUCTORA PÚBLICA
INGLÉS
Mat. T° XVI F° 078 Cap. Fed.
Inscrip. C.T.P.C.B.A. N° 5740