UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA JOSE ARANCIBA,<br><br>Petitioner,<br><br>v.<br><br>SOHAIL NASSIRI,<br><br>Respondent. | Civ. No.:04CV10494(WGY) |

**MEMORANDUM IN SUPPORT OF RESPONDENT'S EMERGENCY MOTION FOR ORDER COMPELLING PETITIONER TO SUBMIT TO LIMITED PSYCHIATRIC EVALUATION AT RESPONDENT'S EXPENSE**

Respondent Sohail Nassiri ("Soli") respectfully submits this memorandum in support of his emergency motion for an Order requiring Petitioner Maria Jose Aranciba ("Maria") to a limited psychiatric evaluation at Soli's expense before the evidentiary hearing in this matter.

**Preliminary Statement**

Through this proceeding generally, and this motion in particular, Soli is seeking only to keep his daughter Yasameen safe from harm. According to discussions between Maria and Soli, Yasameen's mother Maria suffers from bi-polar disorder, and has exhibited significant symptoms of depression. For years, Soli and Maria have struggled with the issues that arose as a result of this disorder. Recently, however, Maria's mood swings have elevated, likely because she has ceased taking medication to cope with her bipolar condition while becoming involved with an aggressive paramour in an unhealthy relationship that further endangered Yasameen. Soli has observed Maria and her recent paramour, Alejandro [Last Name Unknown], engage in threatening and violent behavior toward Yasameen.

At issue in this case is whether, or under what conditions (or undertakings), Yasameen could be returned to Argentina safely. Although this Court is absolutely not the forum for child custody issues that would involve a sweeping review of each parent's general psychological profile, this Court is charged with the duty of ensuring that Yasameen is not returned to a dangerous situation. As set forth in more detail below, a limited psychiatric evaluation of Maria will not only be helpful for this Court's analysis of these issues, but is also procedurally favored if not required under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") in circumstances such as those present in this matter.

## Background

For the approximately seven years since the parties separated, Soli has not only complied with all agreements regarding the welfare of Yasameen, but he has also contributed child support payments far in excess of that required for the care of his daughter. After every visitation, Soli returned Yasameen in a timely fashion. Maria has regularly allowed Soli additional time with Yasameen because of the care and support he has consistently provided for her. The years have not been without their struggles, particularly as Maria dealt with mental conditions such as bipolar disorder and depression.

In recent months, the dynamic changed, as a result of Maria's mental disorder, in a way that seriously threatened the safety of Yasameen in Argentina. Apparently off of her medication and recently involved in an unhealthy relationship with an aggressive paramour, Maria has exposed Yasameen to significant danger. While Soli observed instances of Maria verbally and physically abusing Yasameen for many years, in the past few months, Soli has observed Maria in a variety of much more severe and erratic mood swings during which she struck Yasameen in the face without provocation. In addition, Maria and Alejandro have verbally threatened Soli's and

Yasameen's lives. Yasameen has confided in her father that her Argentinean home became filled with fighting in recent months.

By way of his pending motion, Soli seeks an Order that would designate a licensed psychiatrist from the Tufts-New England Medical Center or other comparable institution to interview and evaluate Maria in person to assess the extent of her mental condition, the extent to which she has failed to abide with professional treatment and instructions to take prescribed medications, and the likely consequences for Yasameen, the young girl whose safety is at issue in this matter under Article 13(b) of the Hague Convention. In further support of his pending motion, Soli relies on his Affidavit dated March 15, 2004, and the Declaration of Carol G. Feldman, Ph. D., dated March 22, 2004 ("Feldman Decl.").

**Argument**

**A Limited Psychiatric Examination of Petitioner is Reasonably Necessary for a Determination of Issues Under Article 13(b) of the Hague Convention.**

Article 13(b) of the Hague Convention on the Civil Aspects of International Child Abduction, provides parents with the fundamental right to protect their children from "a grave risk of physical or psychological harm, or an otherwise intolerable situation," even if that means separating their child from the potentially dangerous parent by means of an international border.

"Under the Convention and its implementing legislation, the American courts have a duty to ensure that a child is not returned to a situation of grave risk or an intolerable situation." *Danaipour v. McLarey*, 286 F.3d 1, 26 (1st Cir. 2003); *see* E. Pérez-Vera, *Explanatory Report*, ¶29 *in* 3 Hague Conference on Private Int'l Law, Acts and Documents of the Fourteenth Session (1982) (translation of the Permanent Bureau) ("the interest of the child in not being removed from its place of habitual residence ... gives way before the primary interest of any person in not being exposed to physical or psychological danger or being placed in an intolerable situation"),

3

*available at* http://www.hcch.net/e/conventions/menu28e.html. In Hague Convention cases, "the terms of the Convention, as well as the Department of State's guidance, indicate that the protection of the child must remain paramount." *Danaipour*, 286 F.3d at 26.

Petitioner cannot avoid a necessary examination of her condition by baldly asserting that Yasameen can be returned to Argentina with an "undertaking" that would require a psychiatric evaluation of Petitioner in Argentina. The First Circuit has held that "the proponent of the undertaking bore the burden of showing that an equivalent evaluation could be done as well in" the foreign country. *Id.* at 15. In *Danaipour*, the Petitioner's argument "that the evaluation be done in Sweden was essentially an undertakings proffer, as to which he bore the burden." *Id.* at 21 (reversing under Article 13(b) because adequate forensic evaluation had not been conducted in the United States).

Other circuit courts have similarly reversed the rejection of Article 13(b) defenses as to which trial courts failed "to consider the environment in which the child will reside upon returning to the home country." *Nunez-Escodero v. Tice-Menley*, 58 F.3d 374, 377-78 (8th Cir. 1995) (holding that courts "cannot conclude that psychological reports are *per se* irrelevant"). State courts have reached similar conclusions. *Tahan v. Duquette*, 259 N.J. Super. 328, 332-33 (App. Div. 1992) ("Article 13(b) requires more than a cursory evaluation of the home jurisdiction's civil stability and the availability there of a tribunal to hear the custody complaint."). While *general* "psychological make-ups" and "parenting qualities" should be reserved for custody evaluations in other proceedings, "a court in the petitioned jurisdiction, in order to determine whether a realistic basis exists for apprehensions concerning the child's physical safety or mental well-being, must be empowered to evaluate the surroundings to which the child is to be sent and the basic personal qualities of those located there." *Id.* at 335.

In sum, a limited psychiatric evaluation can assist this Court and inform the nature of proceedings under Article 13(b). A favorable evaluation for Petitioner could limit the evidentiary hearing to the framing of safeguards in Argentina in the form of potentially agreed-upon undertakings. An unfavorable evaluation for Petitioner at this stage could prevent Yasameen from being physically and psychologically harmed. Even an uncertain result from a limited psychiatric evaluation of Maria could streamline the evidentiary hearing in this matter.

Logistically, the evaluation could be completed upon Maria's arrival in the Commonwealth of Massachusetts in the couple of days preceding the evidentiary hearing. Also, Soli respectfully suggests the use of a clinician from the Tufts-New England Medical Center, which provided the Court-appointed psychologist for the evaluation in *Danaipour*, or a clinician from another comparable institution. Soli has agreed to bear the expense of the requested evaluation in order to protect Yasameen's safety in the future.

Unlike respondents in prior cases in the First Circuit, Soli has not resided in the home country (Argentina) for approximately or more than seven years, and he has never been a citizen of the home country. This matter does not involve the usual covert abduction that generates a Hague Convention case, but rather only allegations of a wrongful retention during a lawful visitation at a known location while Soli has attempted to assess, as a father should, what is necessary for his daughter's safety. Unlike parents who depart a longstanding place of their residence to accomplish an abduction, Soli has not had, and does not have, either the ability to call upon courts in Argentina as a resident there or the ability to return to Argentina for a long-term period of time with Yasameen in order to monitor the situation closely. A limited psychiatric evaluation of Maria in the United States before the upcoming evidentiary hearing is

5

therefore not only efficient as a procedural matter, but also essential for the protection of Yasameen.

## Conclusion

Based on the foregoing, Respondent Soli respectfully requests that this Court grant his motion compelling Petitioner Maria to submit to a limited psychiatric evaluation in the United States before the upcoming evidentiary hearing.

Respectfully submitted,

Respondent Sohail Nassiri

By his Attorneys
The Law Offices of Mark E. Pelosky, P.C.

_____
Mark E. Pelosky, Esq.
The Law Offices of Mark E. Pelosky, P.C.
BBO # 635022
375 Broadway, Suite 207, Chelsea, MA 02150
64 Main Street, Taunton, MA 02780
617-884 8100

and

Barry S. Pollack (BBO#642064)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
Boston, MA 02108
(617) 720-2880

Dated: March 22, 2004

Certification Pursuant to Local Rule 7.1(A)(2): Co-Counsel to the undersigned counsel, Barry S. Pollack, Esq., hereby certifies that he has attempted to confer with opposing counsel but that the parties have not been able to resolve the issues raised by this motion.

_____
Mark E. Pelosky, Esq. / Barry S. Pollack, Esq.

6