# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made as of this 30th day of March, 2004, by and between, Maria Jose Arancibia ("Maria"), of Buenos Aires, Argentina, and Sohail Nassiri ("Soli"), of Roslindale, Massachusetts. The signatories to this Agreement will sometimes hereafter be referred to singularly as a "Party" or "Parent" and jointly as the "Parties" or "Parents."

This Agreement is made as a compromise between the Parties for the settlement of the pending action under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), entitled Arancibia v. Nassiri, No. 04-10494 (WGY) (D.Mass.) (the "Court"), in the best interests of their child, Yasameen.

## Section 1. Settlement and Mirror Orders

1.1    Maria and Soli agree to settle her petition under the Hague Convention subject to the terms herein.

1.2    Soli agrees that the habitual residence of Yasameen, within the meaning of the Hague Convention, shall remain Argentina. Maria shall retain primary physical custody of Yasameen, while both Maria and Soli shall share legal custody of Yasameen.

1.3    Maria and Soli agree to jointly and promptly submit mirror orders in the courts of competent jurisdiction in Argentina and the United States that adopt the terms of this Agreement (the "Orders").

1.4    Maria and Soli agree that each will promptly submit to an independent psychiatric examination in the United States and to follow the prescribed treatment, including any medications deemed necessary by the independent psychiatrist. The Parties shall select a psychiatrist that is acceptable to each of their professionals. Should the Parties be unable to agree on a psychiatrist within 10 days of the execution of this Agreement, the Court shall select

one The Parties agree to submit to continuing treatment as directed by the independent psychiatrist Should either of the Parties find a diagnosis unacceptable, that Party may seek a second opinion by a mutually agreed upon independent psychiatrist.

1.5     Yasameen shall return to Argentina in June 2004 after the completion of her academic year in Massachusetts. Should the independent psychiatrist believe that a reasonable delay is necessary because Maria has not demonstrated sufficient willingness to comply with instructions or prescriptions, Yasameen shall remain in Massachusetts for an additional 30 days until Maria can demonstrate compliance with instructions of a psychiatrist in Argentina who is deemed acceptable to the independent psychiatrist in Massachusetts.

1.6     The Parties shall not apply for any new passports for Yasameen. The Parties shall not travel internationally with Yasameen without the other parent's written permission. Should either of the Parties become reasonably insecure regarding the risk of such international travel, the other Parent shall deposit his or her passport with a mutually acceptable escrow agent when Yasameen is with that Parent.

1.7     The Parties shall select two mutually acceptable Guardian Ad Litems (the "GALs"), one in Argentina and one in Massachusetts. Each of the GALs shall make weekly home visits when Yasameen is in their country. In emergency situations created by the Parent exercising physical custody, including those situations caused by neglect, the GALs shall have temporary power to exercise legal custody over Yasameen for the sole purpose of delivering her to the other Parent. The receiving Parent shall return Yasameen once the emergency is cured, subject to preexisting physical custody schedules. The Parties will execute powers of attorney for this purpose promptly following execution of this Agreement. The Parties agree that they shall select mutually agreeable GALs prior to Yasameen's return to Argentina in June 2004.

1.8    Maria agrees that she will bring Yasameen to a dentist for regular treatment and examinations, generally on a semi-annual basis. Maria agrees that she will bring Yasameen to Dr. Emilio Carlos Boggiano for physical examinations once every two months.

1.9    The Parents shall not physically or verbally abuse Yasameen.

1.10   The Parties shall not swear in Yasameen's presence or with each other.

1.11   The Parents shall each have input in the selection of schools for Yasameen. Neither of the Parents shall change her school without the other Parent's consent.

1.12   The Parents agree that Yasameen shall not be left alone at home or otherwise without adult supervision. The Parents agree that Yasameen shall not be supervised overnight by anyone who is not approved by both Parents.

1.13   The Parties agree that they have not and will not press charges against each other for any past occurrences. Maria agrees that she will cooperate with efforts by Soli to resolve any criminal charges in Argentina without adverse consequences to him. Maria agrees that Soli was provoked in the altercation in Argentina that occurred with Ricardo Alejandro Bustos Paez ("Alejandro"). Should criminal charges complicate visitation with Yasameen for Soli, Maria agrees that Yasameen will be flown to the United States for visitations with Soli, and that Maria will make other reasonable accommodations for facilitating visitations between Soli and Yasameen.

1.14   The Parents agree to identify for each other with prior notice the names of any and all adults who will be present in Yasameen's life. Maria agrees that there shall be no contact between Alejandro and Yasameen.

1.15   The Parents agree that they shall both have input in decisions regarding Yasameen's place of residence in each other's countries. Yasameen's primary towns or cities of residence shall not change without the other Parent's consent.

1.16   While Yasameen is in Argentina, Soli shall continue to be entitled to unlimited reasonable visitations. While Yasameen is in the United States, Maria shall be entitled to unlimited reasonable visitations. Soli shall have physical custody of Yasameen for January and February and the last two weeks of July each year beginning in 2005. During January and February of each year, Maria shall be entitled to accompany Yasameen to the United States, and to have her son accompany them, and to return with Yasameen to Argentina at the end of February. Soli shall be obligated to pay only for Yasameen's travel expenses during such trips.

1.17   Until Yasameen is returned to Argentina, Maria shall be entitled to visit with her after school two days per week until approximately 8:00 p.m. when Soli will pick Yasameen up in Framingham, Massachusetts. Maria shall have such visits on Wednesday March 31, 2004, and Thursday, April 1, 2004. During subsequent weeks, such visits will take place on Tuesdays and Thursdays. Maria shall have visitations with Yasameen on Saturdays beginning at 2:00 p.m., and shall return her at 8:00 p.m. on Saturday, or on alternate weekends at 8:00 p.m. on Sunday.

**Section 2. Compromise.**

The Parties agree and acknowledge that this Agreement is the result of a compromise and shall not be construed as an admission of any liability, wrongdoing, or responsibility on their parts.

**Section 3. Miscellaneous.**

3.1   This document contains the complete agreement between the Parties regarding the subject matter hereof.

3.2   This Agreement may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

3.3   This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

3.4   The Parties acknowledge that they have had the opportunity to consult with legal counsel of their choosing prior to entering into this Agreement, that they indeed have consulted with such counsel and that they enter this Agreement knowingly and voluntarily.

3.5   The Parties cooperated in the drafting of this Agreement. Therefore, in the construction of this Agreement, the provisions hereof shall not be construed against any Party.

3.6   While core custody issues surrounding Yasameen shall be litigated in Argentina, disputes arising out of, in connection with or related to this Agreement or the Orders entered pursuant thereto, may be litigated in any court issuing such Order.

3.7   Except as specifically set forth herein, all terms of previous orders and agreements between the Parties shall remain in full force and effect.

**IN WITNESS WHEREOF**, the Parties have hereunto set their hands and seals as of the date first above written.

MARIA JOSE ARANCIBIA                    SOHAIL NASSIRI

_____               _____

5