UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA JOSE ARANCIBA,<br><br>    Petitioner,<br><br>    v.<br><br>SOHAIL NASSIRI,<br><br>    Respondent. | Civ. No.:04CV10494(WGY) |

**CONSENT ORDER**

By agreement and consent of the Petitioner Maria Jose Aranciba ("Maria") and Respondent Sohail Nassiri ("Soli") (collectively the "Parties" or the "Parents") embodied in a Settlement Agreement dated March 30, 2004, that has been proposed to, and filed in, this Court by their collective counsel, and the Parties having appeared in Court with counsel of their choice and having had an opportunity to be heard, this Court hereby finds and orders as follows:

It is a finding of this Court that the terms of the Settlement Agreement are fair to each of the Parties, each of whom has been represented effectively by counsel in this matter;

It is a further finding of this Court that the terms of the Settlement Agreement serve the best interests of the Parties' daughter Yasameen,

IT IS THEREFORE ORDERED that

(1)    Maria's claims, under the Hague Convention on the Civil Aspects of International Abduction (the "Hague Convention"), shall be deemed settled by the Parties;

(2)    Maria and Soli shall share legal custody of Yasameen, while Maria retains primary physical custody of Yasameen in her place of habitual residence, Argentina;

(3) Maria and Soli shall jointly and promptly submit a copy of a certified copy of this Order for filing in and adoption by the Court of competent jurisdiction in Argentina, and the Parties shall cooperate fully in ensuring that the appropriate court of competent jurisdiction in Argentina adopts and maintains the terms of this Order;

(4) At their shared expense, Maria and Soli shall each promptly submit to an independent psychiatric examination in the United States and to follow the prescribed treatment, including any medications deemed necessary by the independent psychiatrist. The Parties shall select a psychiatrist that is acceptable to each of their professionals. Should the Parties be unable to agree on a psychiatrist within 10 days of the execution of this Agreement, the Court shall select one. The Parties agree to submit to continuing treatment as directed by the independent psychiatrist. Should either of the Parties find a diagnosis unacceptable, that Party may seek a second opinion by a mutually agreed upon independent psychiatrist;

(5) Yasameen shall return to Argentina in June 2004 after the completion of her academic year in Massachusetts. Should the independent psychiatrist believe that a reasonable delay is necessary because Maria has not demonstrated sufficient willingness to comply with instructions or prescriptions, Yasameen shall remain in Massachusetts for an additional 30 days until Maria can demonstrate compliance with instructions of a psychiatrist in Argentina who is deemed acceptable to the independent psychiatrist in Massachusetts;

(6) The Parties shall not apply for any new passports for Yasameen. The Parties shall not travel internationally with Yasameen without the other parent's written permission. Should either of the Parties become reasonably insecure regarding the risk of such international travel, the other Parent shall deposit his or her passport with a mutually acceptable escrow agent when Yasameen is with that Parent;

(7) At their shared expense, the Parties shall select two mutually acceptable Guardian Ad Litems (the "GALs"), one in Argentina and one in Massachusetts. Each of the GALs shall be authorized to make weekly home visits when Yasameen is in their country. In emergency situations created by the Parent exercising physical custody, including those situations caused by neglect, the GALs shall have temporary power to exercise legal custody over Yasameen for the sole purpose of delivering her to the other Parent. The receiving Parent shall return Yasameen once the emergency is cured, subject to preexisting physical custody schedules. The Parties shall promptly execute powers of attorney for this purpose promptly following execution of this Agreement. The Parties shall select mutually agreeable GALs prior to Yasameen's return to Argentina in June 2004;

(8) Maria shall bring Yasameen to a dentist for regular treatment and examinations, generally on a semi-annual basis. Maria shall bring Yasameen to Dr. Emilio Carlos Boggiano for physical examinations once every two months. Soli shall be given prompt access to all of Yasameen's medical and psychological records;

(9) The Parents shall not physically or verbally abuse Yasameen;

(10) The Parties shall not swear in Yasameen's presence or with each other;

(11) The Parents shall each have input in the selection of schools for Yasameen. Neither of the Parents shall change her school without the other Parent's consent. Each of the Parents shall promptly provide the other with copies of Yasameen's school records on request. The Parents shall cooperate and share expenses necessary to provide any tutoring or other services that will help Yasameen in her academic endeavors.;

(12) Yasameen shall not be left alone at home or otherwise without adult supervision. Yasameen shall not be supervised overnight by anyone who is not approved by both Parents;

(13)   The Parties shall not press criminal charges against each other for any past occurrences. Maria shall cooperate with efforts by Soli to resolve any criminal charges in Argentina without adverse consequences to him, having agreed that Soli was provoked in the altercation in Argentina that occurred with Ricardo Alejandro Bustos Paez ("Alejandro"). Should criminal charges complicate visitation with Yasameen for Soli, Yasameen will be flown to the United States for visitations with Soli, and Maria will make other reasonable accommodations for facilitating visitations between Soli and Yasameen;

(14)   The Parents shall identify for each other with prior notice the names of any and all adults who will be present in Yasameen's life. There shall be no contact between Alejandro and Yasameen;

(15)   The Parents shall both have input in decisions regarding Yasameen's place of residence in each other's countries. Yasameen's primary towns or cities of residence shall not change without the other Parent's consent;

(16)   While Yasameen is in Argentina, Soli shall continue to be entitled to unlimited reasonable visitations. While Yasameen is in the United States, Maria shall be entitled to unlimited reasonable visitations. Soli shall have physical custody of Yasameen in the United States for January and February and the last two weeks of July each year beginning in 2005. During January and February of each year, Maria shall be entitled to accompany Yasameen to the United States, and to have her son accompany them, and to return with Yasameen to Argentina at the end of February. Soli shall be obligated to pay only for Yasameen's travel expenses during such trips. Should Maria choose not to accompany Yasameen on such trips, Maria will escort Yasameen onto a flight to Massachusetts or, if Soli is present in Argentina, will

deliver her to him there. Each of the Parents shall provide the other with unlimited reasonable telephonic and email access to Yasameen when she is in the other Parent's country;

(17) Until Yasameen is returned to Argentina, Maria shall be entitled to visit with her after school two days per week until approximately 8:00 p.m. when Soli will pick Yasameen up in Framingham, Massachusetts. Maria has been provided with such visits on Wednesday March 31, 2004, and Thursday, April 1, 2004. During subsequent weeks, such visits will take place on Tuesdays and Thursdays. Maria shall have visitations with Yasameen on Saturdays beginning at 2:00 p.m., and shall return her at 8:00 p.m. on Saturday, or on alternate weekends at 8:00 p.m. on Sunday. During these visits and until Yasameen is to return to Argentina, Maria's passport shall be held in escrow by her counsel;

(18) This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced;

(19) This Court shall retain continuing jurisdiction over any disputes arising out of, in connection with or related to the Parties' Settlement Agreement or this Orders; and,

(20) Except as specifically set forth herein, all terms of previous orders and agreements between the Parties shall remain in full force and effect.

SO ORDERED:

_/s/ William G. Young_
Hon. William G. Young
United States District Judge